IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-08-374-2 |
| | § | |
| ISRAEL ROBLES | § | |

ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

   [ ] (1)     The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

          [ ]     a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

          [ ]     an offense for which the maximum sentence is life imprisonment or death.

          [ ]     an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

          [ ]     a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

   [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

   [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

   [ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  I further find that the defendant has not rebutted this presumption.

[X ]    B.      Findings of Fact [18 U.S.C. § 3142(e)]

    [X] (1)      There is probable cause to believe that the defendant has committed an offense

        [X]      for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
(X) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]      under 18 U.S.C. § 924(c).

    [X] (2)      The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]     C.      Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [X] (1) Defendant is accused of conspiracy and possession with intent to distribute 5 kilograms or more of cocaine.

    [X] (2)  There is a serious risk that the defendant will flee.

    [X] (3)  Defendant represents a danger to the community.

    [ ] (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]     D.      Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1)  As a condition of release of the defendant, bond was set as follows:

    [ ] (2)

    [X] (3)      I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

    [X] (4) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.


<u>Written Statement of Reasons for Detention</u>

I find that the accusations in the indictment, the information submitted in the Pretrial Services Agency report, and evidence at the hearing establish by a preponderance of the evidence that no

condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1.      Defendant  is a 49 year old United States citizen born in McAllen, Texas. He was raised primarily in Mexico but came to the United States on weekends and vacations. He reports having lived in the Houston area since 1992.  His one sibling is a co-defendant in this case. He reported to pretrial services that he received a degree from UANL medical school in 1992.  He travels to Mexico on business every two to three months. His wife's family lives in Mexico.

2.      Defendant reported to pretrial services that he has worked for 6 months at the club Enzo's.  He also works as an assessor and handyman earning $200-900 per week.  He also reportedly was a practicing physician in Mexico from 1987 to 2003.  He and his wife own a house in Katy, Texas appraised at $582,300, as well as various property in Mexico with a total value in excess of $1,800,000 from which he earns rent. He reportedly owns a medical supply company in Mexico, but information received from Mexican authorities indicates that no such business currently exists.

3.      Defendant is charged with drug trafficking crimes in violation of 21 U.S.C. §§ 841 and 846.  He faces a potential penalty of up to life in prison.

4.      Defendant has no criminal history in the United States.  However, the indictment charges him with involvement in a national drug conspiracy involving a large quantity of drugs. Agents discovered over $1,000,000 at defendant's residence at the time of arrest.  Surveillance indicated that he had no regular job.  The nature of the offense indicates a danger to the community.

5.      The weight of evidence against this defendant is substantial, based on wiretaps, physical surveillance, monitoring of several drug transactions, and seizures of cash and drugs.  The evidence also suggests this defendant played a major role in this conspiracy. In his home were found several ledgers tracking over $9 million in drug transactions.

6.      Defendant has not rebutted the statutory presumption that he is a flight risk and a danger to the community.

7.      There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community.  Detention is ordered.

<u>Directions Regarding Detention</u>

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on June 19, 2008.

Stephen Wm Smith
United States Magistrate Judge